UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA  92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.   ED CV 08-01158-SGL(PJWx)                                  Date:  September 4, 2008

Title:   DEUTSCHE BANK TRUST COMPANY AMERICAS -*v*- VAN TROOPE, ET AL.
=======================================================================
PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

     Jim Holmes                                                None Present
     Courtroom Deputy Clerk                          Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:         ATTORNEYS PRESENT FOR DEFENDANTS:

None present                                                     None present

PROCEEDINGS:     ORDER TO SHOW CAUSE

     The Court has received and reviewed defendant's August 27, 2008, notice of removal, seeking to remove to this Court an unlawful detainer action filed by plaintiff in San Bernardino County Superior Court.  In the notice, defendant argues that this Court has subject matter jurisdiction over the unlawful detainer action because there is "complete diversity" (defendant's "current residence" being in "the State of California") and defendant "believes that the amount in controversy exceeds $75,000."

     The complaint filed by plaintiff tells a different story.  In the complaint, plaintiff specifically alleges that the company's "principal offices [are] located in the City of Irvine [in the] State of California."  Such an allegation defeats defendant's suggestion that there exists "complete diversity"; both plaintiff and defendant are citizens of California.  The complaint also specifically concedes that the "amount demanded does <u>not</u> exceed $10,000."  (emphasis added).   This specific averment of what plaintiff seeks by way of damages defeats any suggestion that the amount in controversy exceeds $75,000.

     In the notice defendant also asserts that the Court has federal question jurisdiction because of his "discovery request and demands for '**THE ORIGINAL BLUE INKED PROMISSORY NOTE**."  However, for the Court to have subject matter jurisdiction over a case, a cause of action in the case (not a discovery request) must arise under the laws of the United States.

ED CV 08-01158-SGL(PJWx)
DEUTSCHE BANK TRUST COMPANY AMERICAS v VAN TROOPE, ET AL.
MINUTE ORDER of September 4, 2008

     Given the substantial questions that exists as to whether this Court has jurisdiction to hear this matter, defendant is hereby **ORDERED TO SHOW CAUSE** within fourteen (14) days of the date of this Order why this case should not be remanded to state court.  Defendant's failure to timely respond to the Order to Show Cause shall be considered by the Court as a failure to prosecute this matter and will result in the summary remand of the matter to state court.

     IT IS SO ORDERED.